FREDERICK N. BISSELL *v.* AUGUSTUS J. LEFTWICH, Administrator.

APPEAL from the Court of Probates of Iberville, *Dutton*, J.

GARLAND, J. This action was instituted to recover the amount of an account for the board and lodging of the deceased, of his wife, and a small servant for four months previous to January, 1839; for washing their clothes during that period; for the boarding of several negro children under ten years of age, and of a sick negro for two months. The defendant answered by a general denial, a plea of prescription, and a demand for the hire of several slaves belonging to the wife of the deceased. [There was a judgment in favor of the plaintiff for $265, from which the defendant has appealed.]

The evidence shows that the plaintiff is the keeper of a tavern or boarding house. Lindsay married the daughter of the plaintiff's wife, in the month of August, 1838, and remained with her in the house about four months, for which the sum of $200 is charged. No contract is shown; but the residence of Lindsay and his wife is proved, and that $50 per month for board is a reasonable price. The sum of $40 is charged for washing their clothes during that period; but there is no evidence to sustain the charge.

As to the charge for boarding the servant and young children: It appears that they were the children of slaves belonging to Lindsay's wife, which she had agreed, previous to her marriage, that the plaintiff and his wife should hold for twenty years, if they should live so long, or during their respective lives, as usufructuaries, for which a fixed sum was paid. It was proved that a sick negro was sent to the plaintiff's house in the year 1839; and that the charge of $60 for board and attention to him is correct.

Article 3499 of the Civil Code declares that the claims of innkeepers and such others, for the board and lodging which they furnish, shall be prescribed by the lapse of one year. Lindsay was married to the step-daughter of the plaintiff in August, 1838;

they remained at his house about four months afterwards. Lindsay died in December, 1839; and no claim was presented to him, or to his administrator, until the month of May, 1840. There cannot be any doubt that, for three of the months charged, the plea of prescription must prevail, according to the article 3500 of the Code; and the testimony induces us to believe, that one year had expired after Lindsay and his wife left the plaintiff's house, before he (Lindsay) died. The plaintiff has not shown the precise dates, and thereby leaves his claim uncertain. The presumption as to prescription is, from the evidence, in favor of the defendant; and the plaintiff cannot recover.

We have before said that there is no evidence to support the charge for washing. As to the claim for the board of the young slaves, there is no foundation for it according to the plaintiff's own testimony. He and his wife have the usufruct of the father, mother, and elder brother and sisters of these children, which is proved to be worth $75 per month; and they are not entitled to any thing for boarding children, to whose services they claim a right for many years to come.

The only portion of the plaintiff's claim sustained by the law and testimony, is that for the boarding and attention to the sick negro.

The judgment of the probate court is therefore annulled and reversed; and it is ordered and decreed that the plaintiff, F. N. Bissell, do recover of the defendant, Leftwich, as administrator of Lindsay's estate, the sum of sixty dollars, with interest at five per cent. per annum from the 31st December, in the year 1839, until paid, if the estate be able to pay all the debts; the said sum and interest to be paid in the due course of administration, according to law. The costs in the probate court to be paid by the defendant, and those of this appeal by the plaintiff.

*Labauve*, for the plaintiff.

*Edwards*, for the appellant.